

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 17, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. WW-801

Re: What sales or use tax,
    if any, is levied where
    a motor vehicle manu-
    facturer leases vehicles
    which it has produced to
    its own employees within
    this State, without options
    to purchase?

Your letter requesting our opinion upon the above question
reads in part as follows:

> "Ford Motor Company as requested informa-
> tion regarding their tax status in the State
> of Texas under the following circumstances.
> Ford Motor Company, an automobile manufacturer,
> is contemplating leasing automobiles of their
> own manufacture to certain company employees.
> The company, located outside the State of Texas,
> would lease and register the vehicle, stand
> responsible for its maintenance and repair,
> in return for a stipulated monthly rental paid
> directly to the company by the lessee-employee
> located in the State of Texas. The lease would
> not contain an option to purchase.
>
> "Question: What tax, if any, should the tax
> assessor-collector levy on a vehicle owned by
> a vehicle manufacturer and leased to a company
> employee to be used in the State of Texas,
> with no option to sell? Who would be liable ·
> for the tax? Where should it be paid?"

It is our conclusion that no sales or use tax is due upon
such a transaction.

Chapter 6, Title 122A-Taxation-General (H.B. 11, 56th
Leg., 3rd C.S.) provides for retail sales and use taxes upon
motor vehicles. Article 6.01 levies a tax upon every retail
sale (as defined in Article 6.05 (1) and (2)) of a motor vehicle
in this State. Article 6.03 levies a use tax upon every motor
vehicle purchased at retail sale outside the State and brought

into the State for use by a resident or by a person, firm, or corporation domiciled or doing business in the State. Neither of these Articles apply in the present situation because no retail sale, either within or without the State, has occurred. See Attorney General's Opinions Nos. O-3583 and V-1044.

Article 6.04 levies a "New Resident Use Tax" upon any person making application for the initial certificate of title to a vehicle in this State. While no sale is required for this Article to operate, still the Legislature has clearly expressed its intent as to the scope of the provision by the closing sentence, which reads: "It is the purpose of this Subsection to impose a use tax upon motor vehicles brought into this State by new residents of this State." Neither the lessor nor the lessee in the present case are new residents of the State; therefore, this Article is likewise inapplicable.

Our conclusion makes it unnecessary to consider the second and third parts of your question.

This opinion is, of course, limited to the specific fact situation presented; that is, the bona fide leasing of self-produced vehicles by a manufacturer to its own employees within the State, the employees having no option to purchase and title remaining in the manufacturer. Any departure from these facts might produce a different result. See Attorney General's Opinion No. WW-711.

## S U M M A R Y

Where a manufacturer of motor vehicles leases vehicles which it has produced to its own employees within this State, retaining title, with no option to purchase in the lessees, then no retail sales or use tax is due upon such leasing under Chapter 6, Title 122A,-Taxation-General, R.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman

By *James R. Irion*

W. R. Scruggs
B. H. Timmins, Jr.
Linward Shivers
Martin DeStefano

James R. Irion
Assistant Attorney General

JRI:cm

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore